```
               UNITED STATES DISTRICT COURT FOR THE
                     DISTRICT OF NEW HAMPSHIRE
```

Gary Dolan

   v.                             Civil No. 06-cv-43-JD
                                    Opinion No. 2007 DNH 152

SunGard Securities Finance, LLC,
and Global Compliance Services, Inc.

### O R D E R

Gary Dolan, proceeding pro se, brought claims against his former employer, SunGard Securities Finance, LLC, and Global Compliance Services, Inc., which provided "Alertline" services for SunGard.[1] Dolan alleges claims of fraud, negligence, and negligent infliction of emotional distress against Global. Global moves for summary judgment, and Dolan opposes the motion.

### Standard of Review

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party

---

[1] Dolan was represented by counsel from November 9, 2006, to February 8, 2007, during which time the parties engaged in mediation but were unable to resolve their differences.

is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  The party seeking summary judgment must first demonstrate the absence of a genuine issue of material fact in the record. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  A party opposing a properly supported motion for summary judgment must present competent evidence of record that shows a genuine issue for trial.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).  All reasonable inferences and all credibility issues are resolved in favor of the nonmoving party.  See id. at 255.

   The local rules of this district require a party who moves for summary judgment to file a memorandum in support of the motion that "incorporate[s] a short and concise statement of material facts, supported by appropriate record citations, as to which the moving party contends there is no genuine issue to be tried."  LR 7.2(b)(1).  In response, the party opposing summary judgment must also file a memorandum incorporating "a short and concise statement of material facts, supported by appropriate record citations, as to which the adverse party contends a genuine dispute exists so as to require a trial."  LR 7.2(b)(2).  "All properly supported material facts set forth in the moving party's factual statement shall be deemed admitted unless properly opposed by the adverse party."  Id.

Global provided a statement of material facts in its memorandum in support of summary judgment with citations to the record provided with the motion. Dolan did not include a statement of material facts in his opposition to summary judgment.[2] Dolan did submit his affidavit and exhibits in support of his opposition.[3] Although Dolan did not provide a factual statement, his properly supported facts will be considered in opposition to Global's factual statement.

## Background

Dolan was employed by SunGard Securities Finance, LLC, as a client services representative from November of 1998 to April of 2005. SunGard represents that Dolan's employment was terminated because of his negative attitude and erratic behavior. Wendy St. Louis was Dolan's immediate supervisor.

---

[2] Global, in its reply, pointed out Dolan's failure to include a statement of material facts. Dolan responded in his surreply that he did not know what factual statement Global was referring to and, therefore, could not address it. Because a pro se party is required to comply with all applicable procedural rules, Dolan is not excused from the obligations of the local rules of this district. Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).

[3] Global challenges several statements in Dolan's affidavit as inadmissible hearsay. None of the challenged statements are material to the present motion.

Global Compliance provides outsourcing of compliance services to businesses. SunGard Data Systems Inc., SunGard Securities's parent company, contracted with Global for Alertline services. Alertline allowed SunGard employees to report malfeasance in the workplace through a toll-free telephone hotline. Global sent an automated notice of all Alertline calls from SunGard employees by email to SunGard's Chief Compliance Officer. If a complaint required more immediate attention, Global would contact the Chief Compliance Officer by telephone. SunGard informed its employees of the Alertline service in its "Global Business Conduct and Compliance Program."

On August 20, 2004, Dolan called the Alertline and spoke to a Communications Specialist. Dolan identified himself and reported that his supervisor, St. Louis, had been harassing him for the past three and one half years. The Communication Specialist entered Dolan's complaint into Global's database, and the system generated a report, which was sent by email to SunGard's Chief Compliance Officer.

Paul Jeffers, Vice President of Human Resources for SunGard Data, contacted Dolan about his complaint. Dolan assumed that Jeffers worked for Global. He also assumed that Global would conduct an independent investigation of his complaint without

involving SunGard.  Dolan's situation at SunGard deteriorated over the next few months, and he was terminated in April of 2005

Dolan filed a complaint with the EEOC on July 24, 2005, alleging that SunGard had discriminated against him because of his gender and had retaliated against him because of his Alertline complaint.  The EEOC investigated and concluded that SunGard had a legitimate reason for terminating Dolan's employment and found no evidence of retaliation.  The EEOC also determined that Dolan failed to provide evidence that SunGard discriminated against him based on his gender.  Dolan received notice of the EEOC's conclusions on September 22, 2005.

Dolan called the Alertline again on August 17, 2005, asking about mediation to address his termination.  He called back on October 13 to report that he was not able to find a record of his complaint, made on August 20, 2004, through the Alertline website.  The Communications Specialist told him he could request a copy "from the company."  Mot. Ex. 8.

### Discussion

Dolan alleges that Global's actions constituted fraud, that Global was negligent, and that it negligently inflicted emotional distress on him.  Global moves for summary judgment on all three claims.

A.  Fraud

Under New Hampshire law, "[t]he party seeking to prove fraud must establish that the other party made a representation with knowledge of its falsity or with conscious indifference to its truth with the intention to cause another to rely upon it."  Van Der Stok v. Van Voorhees, 151 N.H. 679, 682 (2005) (internal quotation marks omitted).  To prove fraudulent concealment, the plaintiff must show that the defendant failed to disclose material information, that it had a duty to disclose, that the plaintiff reasonably relied on the omission, and was harmed as a result.  Invest Almaz v. Temple-Inland Forest Prods. Corp., 243 F.3d 57, 72 (1st Cir. 2001) (applying New Hampshire law).

In support of his fraud claim, Dolan contends that SunGard's Business Compliance Policy misled him about the procedures associated with the Alertline.  He asserts that the Policy led him to believe that Global was an independent contractor which would conduct an independent investigation of his complaint, without involving SunGard.  He also asserts that neither the Policy nor Global's Communication Specialist told him that his complaint would be reported back to SunGard for investigation.  He states that he would not have reported his complaint if he had known it would be delivered back to the managers at SunGard.  He

also faults Global for failing to make the report of his complaint available to him.

To the extent Dolan's fraud claim against Global is based on representations or omissions in SunGard's Policy, it fails because Dolan has not shown that SunGard's Policy can be attributed to Global.  Dolan also asserts that Global's Communication Specialist failed to disclose the complaint procedure, through which his complaint was sent back to the managers at SunGard.  He has not provided any evidence, however, that Global or its Communication Specialist had a duty to provide him with that information.  Even crediting Dolan's version of events concerning his efforts to obtain a copy of the report of his August 20 complaint, he has not provided any evidence of fraud.

Therefore, Global is entitled to summary judgment on Dolan's fraud claim.

B. Negligence

"To prevail on a negligence claim, the plaintiff must show (1) the defendants owed him a duty; (2) the defendants breached this duty; and (3) the breach proximately caused his injuries." Macie v. Helms, --- A.2d ---, 2007 WL 2736264 at *1 (N.H. Sept. 21, 2007).  Whether a duty is owed is a question of law and

7

depends on what risk is reasonably foreseeable under the circumstances. Id. In addition, a duty may be voluntarily assumed, that is a party may agree to provide certain services and is then required to exercise reasonable care in that undertaking. Vandemark v. McDonald's Corp., 153 N.H. 753, 757 (2006).

In this case, Dolan argues that Global held itself out as an expert in the field of compliance reporting and was negligent in assuming that his retaliation claim would be objectively investigated by SunGard, which required SunGard to investigate itself. He asserts that Global owed "a duty of care to those who do call and assume [Global] would be investigating their claims." Obj. at 7. Dolan also asserts that Global failed to document the bases for his harassment complaint.[4]

The record does not support Dolan's claims. SunGard contracted with Global for its Alertline services to provide a channel for complaints that would give SunGard an opportunity to address problems and to make certain that its practices were in compliance with its policies. Dolan has not shown that Global owed him any duty under the agreement between Global and SunGard

---

[4] Dolan provides no evidence that Global failed to record his complaint properly or that material information was omitted.

or based on any other grounds.  Therefore, in the absence of any duty owed by Global to Dolan, his negligence claim fails.

C.  <u>Negligent Infliction of Emotional Distress</u>

A claim of negligent infliction of emotional distress must be based on sufficiently serious emotional distress.  <u>Thorpe v. State</u>, 133 N.H. 299, 303 (1990).  To prove the claim, therefore, a plaintiff must establish "that physical injury resulted from the emotional distress," and "expert testimony is required to prove physical symptoms suffered from alleged negligent infliction of emotional distress."  <u>In re Bayview Crematory, LLC</u>, 930 A. 2d 1190, 1195 (N.H. 2007).

Global contends that it is entitled to summary judgment on Dolan's emotional distress claim because, inter alia, Dolan lacks any proof of physical symptoms.  In response, Dolan contends that he broke a tooth on February 20, 2007, as a result of grinding his teeth while sleeping, a condition he has had since "being denied due process in the EEOC investigation in September 2005." Obj. at 9.  Dolan provided no evidence of his claimed physical injury, however.  In addition, by his own admission, he broke his tooth because of stress related to his EEOC proceeding, not because of Global's actions or failures to act.  Therefore,

Global is entitled to summary judgment on the claim of intentional infliction of emotional distress.

## Conclusion

For the foregoing reasons, the defendant's motion for summary judgment (document no. 48) is granted.

SO ORDERED.

                                               Joseph A. DiClerico, Jr.
                                               United States District Judge

December 5, 2007

cc:   Kenneth J. Barnes, Esquire
       Matthew A. Caffrey, Esquire
       William E. Hannum, III, Esquire
       Shannon M. Lynch, Esquire
       Gary Dolan, pro se