UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Gary Dolan

   v.                                      Civil No. 06-cv-43-JD
                                              Opinion No. 2008 DNH 051

SunGard Securities Finance, LLC


O R D E R

Gary Dolan, proceeding pro se, brought claims against his former employer, SunGard Securities Finance, LLC, and a company that handled SunGard employees' workplace complaints, Global Compliance Services, Inc. The claims against Global were resolved in Global's favor on summary judgment. Dolan alleged claims against SunGard of unlawful discrimination and retaliation under Title VII of the Civil Rights Act of 1964 and New Hampshire Revised Statutes Annotated ("RSA") chapter 354-A. Dolan also alleged related state law claims against SunGard.

On January 8, 2008, the court granted SunGard's motion for summary judgment in part.[1] The court interpreted Dolan's pro se complaint to allege a gender discrimination claim that SunGard

---

[1] In the same order, the court granted, in part, SunGard's motion to strike certain paragraphs in Dolan's affidavit and granted Dolan's motion to exclude certain evidence for purposes of summary judgment.

treated him less favorably than a female co-worker and subjected him to a hostile work environment.  The court also interpreted Dolan's retaliation claim to include an allegation that SunGard denied him promotion in retaliation for his complaints against his supervisor.  SunGard interpreted Dolan's claims differently.  Because of the differences, the court provided SunGard an opportunity to address Dolan's claims as the court had interpreted them.  In addition, the court provided Dolan an opportunity to address his claim under RSA 275:56 to show that an implicit cause of action for damages is available under the statute.

Dolan has moved for reconsideration of the court's order granting partial summary judgment in favor of SunGard.  SunGard has filed an objection.

## Discussion

In support of his motion for reconsideration, Dolan contends that the court erroneously found that SunGard addressed his complaints of a hostile work environment and erroneously resolved his retaliation claim in favor of SunGard.[2]  He also contends

---

[2]The court interpreted Dolan's discrimination claim to include an issue of whether SunGard discriminated against him by promoting his female co-worker instead of him.  Dolan asserts in his motion for reconsideration, however, that the court's

that his state law claim of wrongful discharge was erroneously decided on summary judgment and that his claims of fraudulent and negligent misrepresentation were not resolved.  Dolan also addresses his unresolved claim under RSA 275:56.

To be successful on an interlocutory motion for reconsideration, the moving party must "demonstrate that the order was based on a manifest error of fact or law."  LR 7.2(e).  A manifest error occurs only if the court "misapprehended some material fact or point of law."  Palmer v. Champion Mortgage, 465 F.3d 24, 30 (1st Cir. 2006).  A motion for reconsideration ordinarily is not a "vehicle for revisiting a party's case and rearguing theories previously advanced and rejected."  Id.  For that reason, "[t]he granting of a motion for reconsideration is 'an extraordinary remedy which should be used sparingly.'"  Id. (quoting 11 Charles Alan Wright et al., Federal Practice & Procedure § 2810.1 (2d ed. 1995)).

---

interpretation of his complaint was error.  Instead, he contends the incident that led to the promotion was abusive of him.  See Mot. for Recon. at 5.

A.   Hostile Work Environment

As SunGard points out, the court did not grant summary judgment on Dolan's federal and state hostile work environment claims. Therefore, to the extent he seeks reconsideration of those claims, he misunderstood the order on summary judgment.

Alternatively, Dolan appears to seek reconsideration of that part of the summary judgment order which addressed Dolan's claim that SunGard retaliated against him by failing to address his complaints of a hostile work environment.[3] Specifically, Dolan cites page 27 of the summary judgment order where the court analyzed his claim that SunGard's failure to investigate his hostile work environment complaints constituted an adverse employment action for purposes of his retaliation claims. The court stated:

> Even assuming that failing to properly investigate workplace complaints would be an adverse employment action in certain circumstances, the record does not support Dolan's claim that SunGard failed to investigate his complaints. Although Dolan disagrees with the way his complaints were handled and the

---

[3] Dolan mistakenly asserts that the court found he had engaged in protected activity for purposes of his retaliation claim. Instead, the court assumed a disputed issue as to whether his complaints were protected activity under Title VII and addressed the other elements of his retaliation claim. Because Dolan could not show a material factual dispute on other elements, SunGard was entitled to summary judgment.

4

>     outcome, he cannot dispute that SunGard addressed them.
>     Therefore, Dolan's dissatisfaction with the
>     investigation is not a basis for an adverse employment
>     action in this case.

Doc. 80 at 27.  Dolan argues that the requirements of the Burlington defense apply in the context of determining whether SunGard's response to his complaints about a hostile work environment constituted an adverse employment action for purposes of his retaliation claim.[4]

SunGard did not raise the affirmative defense Dolan refers to as the Burlington defense.  The summary judgment order did not address that defense.  Therefore, it is not appropriate for Dolan to raise the issue on reconsideration.

In addition, Dolan does not contend that he suffered a hostile work environment in retaliation for complaining about his supervisor, Wendy St. Louis.  See Noviello v. City of Boston, 398 F.3d 76, 94 (1st Cir. 2005).  Instead, he contends the opposite, that he complained that St. Louis was subjecting him to a hostile

---

[4]Dolan refers to an affirmative defense available to an employer when a supervisor harasses an employee, resulting in a hostile work environment in violation of Title VII, which would make the employer vicariously liable "unless the employer can successfully assert the affirmative defense that it took reasonable care to promptly correct the situation or that the plaintiff unreasonably failed to take advantage of the corrective or preventive measures provided by the employer." Fontanez-Nunez v. Janssen Ortho LLC, 447 F.3d 50, 56 (1st Cir. 2006) (internal quotation marks omitted).

work environment and that in retaliation for those complaints SunGard did not investigate whether his complaints were true. The <u>Burlington</u> defense is inapposite to Dolan's motion for reconsideration.

Dolan also argues that a material factual dispute remains as to whether SunGard's reasons for firing him were a pretext for retaliation. He relies on an implausible and unpersuasive inference from evidence that was excluded from the summary judgment record and on revisiting evidence that was considered for purposes of summary judgment. Dolan also disagrees with the court's summary judgment ruling on his retaliation claim in other respects. He has not demonstrated, however, that the ruling was based on a manifest error of fact or law.

B.  <u>Wrongful Discharge</u>

Dolan argues that his state law wrongful discharge claim was dismissed on summary judgment because it was preempted by Title VII, which he contends was error because summary judgment was granted on his Title VII claim. Dolan is mistaken. Summary judgment was granted on his wrongful discharge claim, not based on preemption, but because he failed to show a material factual dispute as to the reason for his termination.

C.  <u>Misrepresentation and Fraud</u>

Dolan asserts that SunGard moved for summary judgment on misrepresentation and fraud claims that he did not allege, leaving those claims unresolved.  Specifically, Dolan represents: "The Defendant's motion for summary judgment on these claims misrepresented these complaints to state something I did not allege; that their personnel manager (Jeffers) deceived me by not telling me who he worked for.  Since the Defendant did not address these claims properly summary judgment should not have been granted because of a mistake of fact in the record."  Mot. for Recon. at 21-22.  He asserts that he "effectively alleged" that SunGard defeated his EEOC complaint by fraud.  Therefore, he contends, no ruling was made on his fraud and misrepresentation claims.

In Counts 10 and 11 of his amended complaint, Dolan alleged claims of intentional and negligent misrepresentation based on his allegation that Jeffers misrepresented himself as working for Global Compliance Services rather than as a vice president at SunGard.  He alleged a separate fraud claim in Count 13 based on circumstances surrounding his EEOC complaint.  All of Dolan's fraud and misrepresentation claims were considered in the summary judgment order, and summary judgment was entered on those claims in favor of SunGard.

D.  RSA 275:56

In the summary judgment order, the court explained that while Dolan was seeking money damages for SunGard's alleged violation of RSA 275:56, neither party had addressed an implicit cause of action under the statute that would permit that remedy. Dolan was given an opportunity to address the question of whether his asserted cause of action existed under the statute. In response, Dolan states in his motion for reconsideration that his "intent of adding RSA 275 as a claim was not to get some separate remedy but to prove there was a retaliatory motive for the Defendants' actions." Mot. for Recon. at 24. As such, it appears that Dolan is withdrawing and waiving any claim under RSA 275:56.

## Conclusion

For the foregoing reasons, the plaintiff's motion for reconsideration (document no. 81) is denied. If, contrary to his statements in the motion, the plaintiff intended to file a supplemental memorandum to support his claim under RSA 275:56 by showing that an implicit cause of action for damages exists under the statute, he shall make that filing **on or before March 19, 2008,** and the defendant will have twenty days from the date that memorandum is filed to file its response.

The plaintiff moved for an extension of time to respond to the defendant's supplemental motion for summary judgment, contending that his motion for reconsideration, if granted, would affect issues raised in the supplemental motion.  The plaintiff is granted an extension of time to file his response which **shall be filed within twenty days from the date of this order**.  Therefore, the plaintiff's motion for an extension of time (document no. 93) is granted in part as stated herein.

SO ORDERED.

*/s/ Joseph A. DiClerico, Jr.*
Joseph A. DiClerico, Jr.
United States District Judge

March 6, 2008

cc:   Kenneth J. Barnes, Esquire
      Matthew A. Caffrey, Esquire
      William E. Hannum, III, Esquire
      Shannon M. Lynch, Esquire
      Gary Dolan, pro se